UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW PIRONE, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STOYANOV AND HYMAS INC dba 411 LOCALS,<br><br>　　　　　Defendant. | Case No. 7:23-cv-9643<br><br>CLASS ACTION COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

1.　As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls…. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2.　Defendant Stoyanov and Hymas Inc. DBA 411 Locals ("411 Locals") has contributed to this barrage of telephone spam by initiating illegal calls to Plaintiff Matthew Pirone ("Pirone").

3.　Pirone wants this telephone spam to stop. Others do, as well. 411 Locals has already been sued at least five other times for telephone spam, but that has not caused 411 Locals to stop spamming.

4.　Pirone brings this action, individually and on behalf of putative class members, to seek injunctive relief and damages.

## JURISDICTION AND VENUE

5.　This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the TCPA. 47 U.S.C. § 227.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a significant portion of the events giving rise to this lawsuit occurred in this district.

## PARTIES

7. Plaintiff Matthew Pirone is a resident of Middletown, New York.

8. Defendant Stoyanov and Hymas Inc. DBA 411 Locals is a limited liability company with its principal place of business in Las Vegas, Nevada.

## FACTUAL ALLEGATIONS

9. Pirone's home, phone, and privacy have been invaded by 411 Locals' non-emergency calls.

10. Pirone is the residential subscriber of the cell phone number 707-207-9816. Pirone uses this phone number at home. Pirone makes and takes personal calls and text messages on this phone number.

11. Pirone registered the number 707-207-9816 on the National Do Not Call Registry ("DNCR") on April 15, 2022.

12. 411 Locals has initiated calls to Pirone at least four times, including the following:

   i. Call from +17077108005 on Jun 1, 2022, at 6:54 pm UTC.

   ii. Call from +17077108005 on Jun 10, 2022, at 5:46,pm UTC.

   iii. Call from +17077108005 on Jun 16, 2022, at 10:14 pm UTC.

   iv. Call from +17077108005 on Jul 1, 2022, at 9:47 pm UTC.

13. A call back to the from number 707-710-8005 resulted in connecting with a representative of 411 Locals who provided https://www.411locals.com as the company's website for information about their products and services.

14. Multiple other clients of Pirone's counsel have reported similar unwanted and unsolicited calls from 411 Locals from other phone numbers. Calls back to the numbers identified the caller as 411 Locals which was selling marketing services for small businesses.

15. 411 Locals website reveals that the company provides digital marketing services for businesses. On its "About Us" page, 411 Locals states, "Founded in 2007, 411 Locals is an innovative online marketing agency providing customized online marketing solutions to small and medium-sized businesses across the United States, Mexico, Canada, and Australia."

16. Upon information and belief, 411 Locals initiated these calls for the purpose of selling goods or services. This belief is based on the numerous calls initiated by this digital marketing company that were received by Pirone, other clients of Pirone's counsel reporting of similar calls made to them, as well as at least five telephone spam-related lawsuits for TCPA violations against 411 Locals. See *Christian Ibarra v. 411 Locals*, 2:20-cv-03624 (C.D.Cal, 2020), *Albante Rooter and Plumbing Inc. v. 411 Locals A.K.A. 411Service.Net*, No. 3:17-cv-02903, (N.D.Cal. 2017), *Terry Fabricant v. Stoyanov and Hymas et al*, No. 2:18-cv-10045-ODW-FFM (C.D.Cal), *Woodington v. Stoyanov and Hymas* 6:16-cv-00897-RBD-KRS (M.D.Fla., 2016), and *White v. Stoyanov & Hymas*, No. 0:14-cv-03016-MJD-JSM (D.Minn, 2015).

17. On information and belief, 411 Locals initiated the calls using an automated system that randomly or sequentially generated Pirone's number.

18. Pirone never provided the number 707-207-9816 to 411 Locals, never had a relationship with 411 Locals, and never gave permission for 411 Locals to send any type of communication.

19. 411 Locals' calls are a nuisance and annoyance to Pirone. The calls have invaded Pirone's privacy. The spam has diminished the value of Pirone's phone and Pirone's enjoyment of life.

## LEGAL STANDARD

20. **National Do Not Call Registry**. Residential telephone subscribers who do not want to receive telephone solicitations may place their phone number on the National DNCR. 47 C.F.R. § 64.1200(c)(2). The TCPA proscribes callers from making "any telephone solicitation to… [a] residential telephone subscriber who has registered his or her telephone number on the

national do-not-call registry." 47 C.F.R. § 64.1200(c)(2). Wireless telephone subscribers are allowed to place their number on the DNCR. 47 C.F.R. § 64.1200(e).

21. **Automatic Telephone Dialing System**. The TCPA prohibits calls to cell phones using an automatic telephone dialing system ("ATDS") except for "emergency purposes" or with the "prior express consent" of the called party. 47 C.F.R. § 64.1200(a)(1). Calls that introduce an advertisement or constitute telemarketing require "prior express written consent." 47 C.F.R. § 64.1200(a)(2).

## CLASS ACTION ALLEGATIONS

22. Pursuant to Civ. R. 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, Pirone brings this action on behalf of all other persons similarly situated throughout the United States.

23. Pirone proposes the following Classes:

> **The DNCR Class**
> All people in the United States (1) to whom 411 Locals initiated more than one telephone solicitation within any 12-month period, (2) to their cellular telephone number, (3) while their phone number was listed on the National Do Not Call Registry, (4) within the last four years from the filing of this action.
>
> **The ATDS Class**
> All people in the United States (1) to whom 411 Locals initiated one or more calls to their cellular telephone, (2) using the same equipment or type of equipment utilized to initiate calls to Pirone, (3) within the last four years from the filing of this action.

24. Pirone does not know the exact number of class members but reasonably believes the number to be in the thousands, thus making joinder of all class members impracticable.

25. Class members are identifiable through phone records and phone number databases.

26. There are questions of law and fact common to Pirone and the class members, including but not limited to:

  i. Whether 411 Locals initiated the calls;

  ii. Whether 411 Locals' calls violated the law; and

   iii. Whether Pirone and class members are entitled to statutory damages, trebled damages, and injunctive relief.

27. Pirone's claims are typical of the claims of the class members. Pirone's claims, like the class members' claims, arise out of the same common course of conduct by 411 Locals and are based on the same legal and remedial theories.

28. Pirone is an adequate representative of the class because Pirone's interests do not conflict with the interests of the class members, Pirone will fairly and adequately protect the interests of the class members, and Pirone is represented by counsel skilled and experienced in class actions, including TCPA class actions.

29. Common questions of law and fact predominate over questions affecting only individual class members.

30. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the damages are statutory. Notice to class members can be provided by mail or other means. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

31. The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**FIRST CAUSE OF ACTION**
**Illegal Solicitation of Persons on the DNCR**
**(On Behalf of Pirone and the Do Not Call Class)**

32. 411 Locals violated 47 C.F.R. § 64.1200(c)(2) by initiating calls to Pirone and members of the DNCR Class while their phone numbers were on the DNCR.

33. Pirone and members of the DNCR Class have been damaged and are entitled to an award of $500 in statutory damages for each violation. 47 U.S.C. § 227(c)(5).

34. The court should award $1,500 in statutory damages for each violation because the violations were knowing and willful. *Id.*

35. The court should enjoin such violations. *Id.*

## SECOND CAUSE OF ACTION
### Illegal Use of an Automatic Telephone Dialing System
### (On Behalf of Pirone and the ATDS Class)

36. 411 Locals violated 47 C.F.R. § 64.1200(a)(1)-(2) by using an ATDS to contact Pirone and members of the ATDS Class.

37. Pirone and members of the ATDS Class have been damaged and are entitled to an award of $500 in statutory damages for each violation. 47 U.S.C. § 227(b)(3).

38. The court should award $1,500 in statutory damages for each violation because the violations were knowing and willful. *Id.*

39. The court should enjoin such violations. *Id.*

## RELIEF REQUESTED

Pirone respectfully requests the Court grant the following relief:

A. Certification of the proposed Classes;

B. Appointment of Pirone as class representative;

C. Appointment of the undersigned as lead counsel for the Classes;

D. Injunctive relief as set forth above;

E. An award of damages to Pirone and class members, as allowed by law;

F. An award of fees, costs, and interest, as allowed by law; and

G. Orders granting such other relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Pirone requests a jury trial as to all claims of the Complaint so triable.

DATED November 1, 2023

                                          Respectfully submitted,

                                          */s/ Michael Hartmere*
                                          Michael Hartmere
                                          LawHQ, PC
                                          299 S. Main St. #1300
                                          Salt Lake City, UT 84111
                                          385-285-1090
                                          michael.hartmere@lawhq.com

                                          *Attorney for Plaintiff*